### JASPER N. McKAY v. HENRY KILBURN.

*Estoppel by judgment—Creditor's right to intervene for fraud.*

A judgment in replevin against an officer holding goods under an attachment, does not estop the same or prevent any other officer from levying execution on the same goods in a different suit brought by another creditor of the party against whom the attachment was issued, where such creditor had had no interest in the replevin suit nor right to intervene therein. Nor would it be conclusive of the title as against a purchaser at the execution sale.

A sheriff in making levy and sale merely exercises a power in the interest of a party whose writ is delivered to him for execution; and a purchaser at the execution sale does not stand in the sheriff's right, but is the privy of the party under whose execution the sale was made.

Fraud in a sale by a debtor is a matter as to which only attaching creditors have any legal interest in the trial of it in a replevin suit by the purchaser against an officer holding under the attachment, even though the latter had collusively suffered judgment: and no other creditors could have their rights conclusively determined by the result of such a suit.

Appeal from Huron. Submitted Jan. 15. Decided Feb. 11.

REPLEVIN. Plaintiff brings error.

*George S. Engle* and *J. C. Shields* for plaintiff in error. Judgment in an action for the recovery of specific property may be pleaded in bar to a suit for the same property or its value where no new right has been acquired by the plaintiff, *Owens v. Rawleigh,* 6 Bush, 656; *Prentiss v. Holbrook,* 2 Mich., 372; judgments *in rem* are binding not only upon parties and privies but upon strangers, *State v. Cent. R. R.,* 10 Nev., 47; *Woodruff v. Taylor,* 20 Vt., 65; 1 Greenl. Ev. (Redf. ed.), § 525, n; Herman on Estoppel, § 103; where there is perfect identity in both suits as to the plaintiff's right and damages and defendant's wrong, the record of the former is a complete bar whether pleaded as an estoppel or put in evidence, *Jones v. Lavender,* 55 Ga., 228; even though the subject matter of the suits differs, judgment on a particular point is conclusive, *Wales v. Lyon,* 2 Mich., 282; *Hudson v. Smith,* 39 N. Y. Sup'r Ct., 454; *Kingsland v. Spalding,* 3 Barb. Ch., 341; *Hardy v. Gascoignes,* 6 Port. (Ala.), 447; *Evans v. Birge,* 11 Ga., 265; a purchaser pending suit is bound by a decree against the holder of title, Herman on Estoppel, § 58; *Thurston v. Spratt,* 52 Me., 202; *Castle v. Noyes,* 4 Ker., 329; and is privy to him, *Hunt v. Haven,* 52 N. H., 162; *Doty v. Brown,* 4 Comst., 71.

*Winsor & Snover* and *H. B. Carpenter* for defendant in error. In executing writs of different creditors the sheriff is an agent for each, *Davidson v. Dallas,* 8 Cal., 227; Herman on Executions, 222, 463; *Wickliff v. Robinson,* 18 Ill., 145; 3 Pars. Cont., 11, n. 8; in order to determine whether a past judgment is a bar to another suit, one must consider whether the subject matter of a suit has been in issue and adjudged before, between the same parties or their privies in the same right, by a court of competent jurisdiction to decide the whole controversy, *Bigelow v. Winsor,* 1 Gray, 299.

COOLEY, J. The only question of importance in this case is one of estoppel by judgment.

The action is replevin for a span of horses and a set of harness. The plaintiff claims title to the property through successive purchases from the Alpena Salt & Lumber Company, the former owner. The defendant claims that the sale by that company was fraudulent and void as against its creditors, and that one William Ward, a creditor, afterwards levied upon the horses and harness as the property of the company, by virtue of an execution issuing out of a justice's court, and caused them to be sold on the execution by William H. Merrick, sheriff of Huron county, and that defendant has acquired the right of the purchaser at such sale. To meet this defense the plaintiff attempted to show that previous to the sheriff's sale just mentioned the sheriff had had the same property in possession under another attachment against the Alpena Salt & Lumber Company, and that the plaintiff had replevied it from the sheriff, claiming it as his own, and in the replevin suit had established his title and recovered judgment. This judgment, he insisted, would estop the sheriff and any one subsequently claiming under a purchase at a sale made by him, from disputing his title. The circuit judge held otherwise, and rejected the evidence of the former suit, and judgment passed for the defendant on the issue of fraud in the sale under which the plaintiff claimed.

A few dates are important to an understanding of the legal question, but some of them do not appear to be brought into the case by any proofs, and the circuit judge in his charge no doubt proceeded in part upon facts orally agreed upon by the parties as uncontested. The following appears to be the sequence of important events:

The property was first seized by Merrick, the sheriff, on an attachment against the Alpena Salt & Lumber Company, issued at the instance of George W. Hill and others. Jasper N. McKay, the plaintiff in this suit, then replevied it, claiming it as owner under a previous sale made by the Salt and Lumber Company. While that

replevin suit was pending, the sheriff again seized the property under an execution against the Salt & Lumber Company in favor of William Ward, and proceeded to make sale thereof, and one Carrington became purchaser, and transferred his title to Kilburn, the defendant in this suit. The replevin suit of McKay against Merrick was tried in January, 1877, and resulted in verdict and judgment for the plaintiff. McKay then again replevied the property from Kilburn, and it is this second replevin suit that is now before us.

Is the judgment in favor of this plaintiff against the sheriff conclusive of the plaintiff's title as against a party claiming by purchase at a sheriff's sale under the circumstances? The plaintiff claims that it is, because any such purchaser must necessarily stand in the right of the sheriff, and can acquire no better right than the sheriff himself would have had, if the property had remained in his possession when the judgment was rendered against him. It is to be observed, however, that Kilburn was in no manner a party to the suit instituted by McKay against the sheriff, and had no right to intervene in that suit, or to be heard therein in any way. Neither was the sheriff in any manner his representative or agent in that suit; but the whole proceeding was one to which in law he was an entire stranger. The question of fraud involved in the sale under which McKay claimed was necessarily a question of interest to all the creditors of the Salt and Lumber Company, but none of them except the attaching creditors had any legal interest in the trial of it in that case, or could possibly have except through the institution of new proceedings. It seems difficult to understand, therefore, how any other creditors could have their rights conclusively determined by the result of the replevin suit against the sheriff, when not one of them could be heard in it, or could legally control or in any way shape its course. Indeed, had the sheriff collusively suffered judgment to pass against him in that case, only the attaching creditors

could have had any ground of action, or any legal right to complain of his conduct.

On the other hand, when Ward caused his execution to be levied, a new party in interest appeared. The sheriff in making levy acted not in his own right or his own interest, but as the agent, in the interest and under the orders of Ward. The judgment on which that execution issued was rendered by a justice of the peace, and execution might have been issued to and served by a constable. Had it been so issued and served, it will not be pretended that the constable or any one claiming the property at constable's sale, would be bound ·by a judgment in the replevin suit against the sheriff: but there would be quite as much reason why he should be, for the constable and the sheriff in serving the same writ would stand upon the same right, and the accidental circumstance that the one officer instead of the other was invited to serve the execution can make no difference whatever with the rights of Ward or of any one claiming rights under the sale made in his interest.

The error of the plaintiff consists in his assuming that the defendant claims in the right of the sheriff, and stands in the position of privy to him. In fact the sheriff, in making the levy and sale, is exercising a power merely, and acting in so doing in the interest of the party whose writ is delivered to him for service.

The defendant in this case is the privy of Ward, under whose execution he purchased. Ward's levy was made before the judgment against the sheriff, but as the case stands it is not important to consider what influence, if any, that fact might have had upon the case had the sheriff been a party to both suits. The circuit judge was clearly right in holding that the judgment in the suit of McKay against the sheriff was a matter foreign to this controversy. The right acquired by Ward's levy, which is the right involved here, was not and could not have been tried in the other case.

The case has no analogy to proceedings *in rem* in

which all parties interested have a right to intervene. *Hunt v. Haven,* 52 N. H., 162, referred to in the brief of plaintiff, fully covers the ground of our decision, and supports our views.

The judgment must be affirmed, with costs.

The other Justices concurred.